The Chancellor.
The defendant, George Bellows, is the owner of three-fourths of a valuable horse, called “ Black Hawk." The defendant, Bellows, claims to have a mortgage on the other one-fourth of the horse, under the other defendant, Stoughton R. Clark, to secure the payment of §617.33. The complainant also holds a mortgage from Clark. Bellows is in possession of the horse, and rightly so, because, under a written agreement, when he originally purchased his interest, he was to retain possession, with the privilege of selling the horse with the consent of the other owner.
*334 The complainant has a right to come into this court to enforce his mortgage. A mortgagee of personal property may file his bill in this court, or, upon giving reasonable notice to the mortgagor, may sell the chattel to pay his debt. Hart v. Ten Eyck (2 J. C. R. 100) and cases there cited. The defendant, Bellows, claims to have a prior mortgage from Clark to secure the payment of $757.34. Besides these mortgages, there are matters of account between these parties, to an amount of upwards of a thousand dollars, in reference to this horse. There would seem to be no other mode of settling the priority of these mortgages, or of adjusting these accounts, except by bill in this court. The question is, whether it is right that the defendant, Bellows, should be enjoined from selling the horse until these matters can be adjusted.
As to the accounts, the complainant has no lien upon the horse, if on settlement a balance should be found due him. When the accounts accrued, the complainant and Bellows were in partnership in matters connected with the profits derived from this and two other horses, which they owned. When the complainant sold out to a third person his interest in the horses, he abandoned all lien he had upon them on account of any matter connected with the partnership. If Bellows was indebted to him on settlement, he had not any more lien upon this horse for that balance than he had upon any other of Bellows’ property. If he has any right to the injunction, it is because he holds a mortgage on one-fourtli interest in the horse. If there is a necessity for the complainant’s coming into this court, in order that he may receive the benefit of his mortgage, then it appears to me that there is a propriety in the court’s protecting the property, so that the decree of the court may be enforced, if one is obtained. The necessity of the complainant coming into this court arises from the fact of his being out of possession, and from the character of his mortgage, a lien upon one-fourth of a horse, and not being entitled to the possession. The *335 situation of the complainant, then, is a peculiar one. He has a mortgage of such a character upon a chattel that he cannot enforce it by a sale of the chattel, because he has not the possession and has not a right to the possession. The chattel has been made a subject of partnership, and the complainant has a mortgage upon the interest of one of the partners. The possession being rightfully in Bellows, he may sell the chattel; and a bona fide purchaser, without notice of the complainant’s interest, will hold the chattel free from the mortgage. Bellows claims, in his answer, that he has a right to sell the horse. If the complainant’s mortgage is valid, then he stands, in relation to the mortgaged property, in the place of Clark, and has a right to have Clark’s interest severed. To effect this, the court may order the horse to be sold, and dispose of the proceeds as the parties may be entitled to them according to their respective interest in the property. It appears to me proper that the injunction should bo retained until a hearing of the merits, because the character of the mortgage is such that the complainant can derive no benefit from it, unless the possession is protected until the decree of this court is executed, if the complainant is entitled to the benefit of his mortgage.
There is ibis objection, however, to continuing this injunction without some modification. The keeping of the horse is expensive, and the defendant, Bellows, should not be compelled to retain his interest in the horse, and forego any opportunity that might oiler to dispose of his interest. If, therefore, Bellows shall desire to dispose of the horse, he may present his petition to the court for that purpose, and I will direct a sale upon the terms that oue-fourth of the money shall be paid into court, or an approved bond given for it by Bellows, to answer the exigencies of this suit.